[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11096
Non-Argument Calendar
_____

D.C. Docket No. 5:19-cr-00017-JDW-PRL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN GENE HART,
a.k.a. One Eye,
a.k.a. Kev,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 3, 2021)

Before NEWSOM, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Kevin Hart, appeals his conviction for one count of conspiracy to distribute and possession with intent to distribute cocaine, heroin, and fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  He asserts that the district court abused its discretion at trial by admitting into evidence an out-of-court statement by one of his co-conspirators.  After a review of the record and reading the parties' briefs, we affirm Hart's conviction.

## I.

During Hart's trial, the government presented testimony from five of Hart's co-conspirators.  One co-conspirator testified that he sold cocaine to Hart for several years; another testified that he purchased heroin from Hart, and Hart was usually present when he purchased the heroin; another testified that he also purchased heroin from Hart and he dealt directly with Hart when he made his purchases; and another testified that he purchased heroin from Hart daily and witnessed multiple drug transactions involving Hart.  (R. Docs. 321-323.)  Another witness, Alton Morgan, testified that he sold heroin for an individual, Santonio Jackson, and that Hart was Jackson's heroin supplier.  Morgan admitted, however, that he never dealt directly with Hart.  (R. Doc. 322 at 15–26.)

As is relevant here, during his testimony, Morgan explained that Jackson told him to stay away from Hart because Hart had somehow "beat [Jackson's] uncle out of $40,000."  (*Id.* at 26.)  Hart, through counsel, objected to Morgan's

testimony as hearsay.  The government responded that Morgan's testimony regarding Jackson's statement was not hearsay because it constituted a co-conspirator's statement.  The district court overruled Hart's objection.  Morgan further elaborated that after what Jackson told him, he sent someone else to purchase drugs from Hart so that Jackson would not find out that he was still dealing with Hart.  (*Id.* at 26–27.)  After Morgan finished testifying, the district court explained its ruling, stating that the evidence established by a preponderance of the evidence that there was a drug conspiracy involving Hart, Jackson, and Morgan.  Therefore, Jackson's statement was made during the course of and in furtherance of the conspiracy and was admissible as an exception to the hearsay rule.  The court also noted that it was not sure Jackson's statement "was offered for the truth of the matter anyway."  (*Id.* at 47–48.)

The government also presented testimony from three of Hart's co-defendants who all testified about their cocaine and heroin transactions with Hart.  Multiple law enforcement officers also testified, stating that during a search of one of Hart's stash houses, they found a rifle, a ballistic vest, fentanyl, heroin, marijuana, a digital scale, and a drug press.  (R. Docs. 322 and 324.)  In addition, the officers recounted their pursuit of Hart before his arrest.

The jury found Hart guilty, and the district court sentenced him to 420 months' imprisonment.  Following the entry of judgment, Hart appealed.

**II.**

We review a district court's evidentiary ruling for an abuse of discretion. *United States v. Rivera*, 780 F.3d 1084, 1090 (11th Cir. 2015). Under the Federal Rules of Evidence, hearsay is an out-of-court statement offered into evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is generally not admissible. Fed. R. Evid. 802. However, an out-of-court statement that is either (1) offered to show its effect on the listener or (2) more in the nature of an order or a request that, to a large degree, is not even capable of being true or false, is not hearsay. *Rivera*, 780 F.3d at 1092. Further, a co-conspirator's out-of-court statement made during and in furtherance of the conspiracy is not hearsay and, thus, can be offered for the truth of the matter asserted. Fed. R. Evid. 801(d)(2)(E).

For a co-conspirator's statement to be admitted, the government must prove by a preponderance of the evidence that (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the declarant made the statement during and in furtherance of the conspiracy. *United States v. Christopher*, 923 F.2d 1545, 1549–50 (11th Cir. 1991). We apply a liberal standard in determining whether a statement was made in furtherance of a conspiracy. *United States v. Santiago*, 837 F.2d 1545, 1549 (11th Cir. 1988). Thus, the district court's determination that a statement was

made in furtherance of a conspiracy "will not be reversed on appeal unless clearly erroneous." *United States v. Garcia*, 13 F.3d 1464, 1473 (11th Cir. 1994).

Additionally, the improper admission of a co-conspirator's hearsay statement is subject to the harmless error rule. *Id.* Improper admission of a co-conspirator's hearsay statement is harmless when it had no substantial influence on the outcome and sufficient evidence supports the jury's verdict. *Christopher*, 923 F.2d at 1552.

## III.

Based on our review of the record, we conclude that the district court did not abuse its discretion in allowing Jackson's statement into evidence over Hart's hearsay objection. First, Jackson's out-of-court statement does not qualify as hearsay because it was not offered "to prove the truth of the matter asserted." *See* Fed. R. Evid. 801(c). Specifically, Morgan's testimony regarding Jackson's statement was not offered to prove that Hart did "beat his uncle out of $40,000," but, rather, was offered to explain why Morgan never dealt with Hart directly. Consequently, Jackson's statement was offered to show its effect on Morgan and, thus, was not hearsay. *See Rivera*, 780 F.3d at 1092.

Second, even assuming *arguendo* that Jackson's statement was hearsay, any error the district court committed by admitting the statement was harmless. A review of the record demonstrates that there was more than sufficient evidence to

5

independently prove Hart's guilt. Three of Hart's co-defendants and five other co-conspirators testified that Hart was involved in drug trafficking and linked him to drugs and drug transactions on multiple separate occasions. Law enforcement officers also testified regarding the search and subsequent seizure of drug paraphernalia from Hart's stash house. Additionally, Hart attempted to escape when law enforcement first approached him, which shows a guilty conscience. *Cf. Christopher*, 923 F.2d at 1552 (concluding that error was harmless given the "overwhelming" evidence of guilt, including testimony linking drugs to the defendant, drugs and drug distribution materials found in the defendant's home, and defendant's attempted escape from law enforcement). Therefore, there was sufficient evidence to independently support Hart's guilt.

Accordingly, based on the aforementioned reasons, we conclude that the district court did not abuse its discretion in admitting Jackson's out-of-court statement, and we affirm Hart's conviction.

**AFFIRMED**.